TANYA M. SCHIERLING [SBN 206984]
tschierling@swsslaw.com
JING Y. LI [SBN 279818]
jli@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Plaintiff Ryan Quimby-Johnson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| RYAN QUIMBY-JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHELE BORTREE, an individual; JEREMY McNEILL, an individual; FARRAH McNEILL, an individual; and QI SIGNS, LLC, a North Carolina limited liability company,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE DISPUTE

1. This action arises from the employment of Plaintiff Ryan Quimby-Johnson ("**Plaintiff**" or "**Quimby**") by a North Carolina company Defendant QI Signs, LLC ("**QI**") and three North Carolina individuals Defendants Michele Bortree ("**Bortree**"), Jeremy McNeill ("**J. McNeill**"), Farrah McNeill ("**F. McNeill**") (Bortree, J. McNeill, F. McNeill and QI collectively, "**Defendants**"). Defendants employed Quimby starting in June 2018 on an hourly basis plus commissions.

2. Quimby is informed and believes and thereon alleges that Defendants have attempted to cut operating costs by systematically violating the California

COMPLAINT
Case 1:20-cv-00131-NCT-JLW Document 1 Filed 04/08/19 Page 1 of 14

Labor Code, the Wage Orders issued by the California Industrial Welfare Commission ("**IWC**"), and the Fair Labor Standards Act ("**FLSA**"), including by refusing and failing to pay minimum wage or overtime, failing to provide meal or rest breaks, and refusing to pay commissions. Moreover, Defendants failed to provide Quimby with any form of wage statements during the course of his employment.

3. When Quimby demanded his commission payments, Defendants terminated his employment.

4. Quimby brings this lawsuit seeking damages, restitution and monetary relief against Defendants, including, without limitation, for unpaid wages, denial of other benefits, interest, penalties, liquidated damages, attorneys' fees and costs pursuant to the California Labor Code, the FLSA and relevant California and federal laws.

## **PARTIES**

5. Plaintiff is, and at all relevant times was, an individual residing in Newport Beach, Orange County, California.

6. Plaintiff alleges on information and belief that Defendant **Bortree** is, and at all relevant times was, an individual residing in Davidson County, North Carolina.

7. Plaintiff alleges on information and belief that Defendant **J. McNeill** is, and at all relevant times was, an individual residing in Randolph County, North Carolina.

8. Plaintiff alleges on information and belief that Defendant **F. McNeill** is, and at all relevant times was, an individual residing in Randolph County, North Carolina.

9. Plaintiff alleges on information and belief that Defendant **QI** is, and at all relevant times was, a North Carolina limited liability company, with its principal place of business in Randolph County, North Carolina.

10. Plaintiff is further informed and believes that at all relevant times Defendants, whether named or fictitious, were the agent, employee or other person acting on behalf of every other Defendant, and, in participating in the acts alleged in this Complaint, acted within the scope of such agency, or employment or ratified the acts of the other.

11. Each Defendant acted and/or ratified, in all respects pertinent to this action, as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendant.

12. Each Defendant, whether named or fictitious, was the *alter ego* of each of the other Defendants at all relevant times herein. On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer.

13. Each Defendant, whether named or fictitious, exercised control over Plaintiff's wages, hours and/or working conditions.

14. Defendants Bortree, J. McNeill, and F. McNeill are all owners of QI and each of them violated, or caused to be violated, the Wage Orders of the IWC and relevant California Labor Code sections, and are therefore individually liable for Quimby's claims.

## JURISDICTION AND VENUE

15. The Court has jurisdiction under 28 U.S.C. section 1331 because this is a dispute arising out of the laws of the Constitution, laws, or treaties of the United States.

16. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. section 1332 because this is a dispute between a citizen of a state and citizens of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. This Court has personal jurisdiction over Defendants, and venue in this judicial district is proper under 28 U.S.C. section 1391, including without limitation because Defendants employed Plaintiff in this judicial district; Plaintiff performed his employment for Defendants in this judicial district; and the fraudulent and unlawful conduct of the Defendants occurred and has its damaging effect on Plaintiff in Orange County, California.

## MATERIAL FACTS

18. Defendants employed Quimby as a sales and production employee from approximately June 2018 to approximately March 28, 2019.

19. Defendants and Quimby had an oral and written agreement pursuant to which Defendants agreed to pay Quimby commissions at the rate of 10 percent of the revenue generated from all sales that he made and 2.5 percent of the revenue generated from the sales that he made as a part of a team (the "**Commission Contract**"). Pursuant to the Commission Contract, commission payments are due upon payment by customers and are to be paid monthly.

20. This Commission Contract is evidenced in writing by the offer of employment to Quimby, by Defendants' conduct in paying commissions, and substantial written communications and documentation covering the time period of Quimby's employment.

21. Separate and in addition to his commissions compensation, Quimby is entitled to compensation for his services on an hourly basis. The reasonable value of Quimby's services, in addition to the commissions Defendants agreed to pay him, is at least $20 an hour and in all events not less than minimum wage.

22. Quimby worked as a non-exempt employee at all relevant times, in the state of California and entitled to all the protections of the California Labor Code, the IWC Wage Order, and the FLSA, including the right to receive hourly compensation at a rate of not less than minimum wage and also overtime and doubletime pay.

P:01280162:90868.004 -4- TBA
COMPLAINT
Case 1:20-cv-00131-NCT-JLW   Document 1   Filed 04/08/19   Page 4 of 14

23. Quimby's hours and days of work varied from day to day and from week to week. Quimby typically worked 40 to 75 hours a week, 8 to 12.5 hours a day. For the vast majority of time, Quimby worked from his home office in Newport Beach, Orange County, California.

24. Quimby's work for Defendants included, but was not limited to, designing signs as requested by Defendants, revising sign designs as requested by Defendants, creating production files for manufacture of products, preparing invoicing on a majority of QI projects, preparing estimates of all projects, creating proposals for QI projects, preparing purchasing on large projects, providing training to Defendants, engaging in business development, engaging in project management communications with clients, attending sales meetings, attending production meetings, reviewing estimates, and reviewing sign designs.

25. Bortree and J. McNeill routinely provided Quimby with business information, instructions, and feedback via email and telephone, with knowledge that Quimby was working in Orange County, California. Bortree contacted Quimby, in Orange County California, via email and telephone daily with general business and operation needs.

26. Defendants failed to pay Quimby the wages to which he is entitled, including without limitation minimum wages, and failed to pay meal and rest premium wages when a Defendants failed to authorize or provide a compliant meal or rest period as required under California law.

27. Defendants further failed to pay overtime wages to Quimby, despite Quimby often working over 8 hours a day or over 40 hours a week.

28. Defendants failed to properly authorize and permit rest periods. Defendants also denied Quimby uninterrupted 30 minute duty-free meal periods and compliant 10 minute paid rest breaks.

29. Defendants never compensated Quimby for the missed/denied legally compliant rest or meal periods; Defendants did not pay Quimby for the additional

one-hour pay at his regular rate of pay as required under California Labor Code section 226.7 and the applicable IWC Wage Order.

30. In violation of California Labor Code section 226, Defendants also never provided Quimby with itemized wage statements.

31. Quimby made his last request for payment of commissions on or about March 15, 2019. In response, less than two weeks after this request, on or about March 28, 2019, Defendants terminated Quimby's employment without payment of any of the commissions or wages owed to Quimby. Defendants willfully failed to timely pay Quimby all wages earned and owed upon termination of his employment.

32. Quimby is informed and believes, and thereon alleges that Defendants terminated his employment in an attempt to avoid paying him wages and commissions.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Minimum Wage—FLSA)

33. Quimby refers to and incorporates by reference Paragraphs 1 through 32.

34. Quimby worked for Defendants from approximately June 2018 to approximately March 28, 2019.

35. Defendants failed and refused to pay Quimby minimum wage for all hours worked.

36. Defendants' failure and refusal to pay Quimby minimum wages is a violation of federal law, including without limitation the FLSA.

37. Quimby seeks all available remedies for Defendants' violations including, but not limited to, any and all wages due, penalties, monies, interest, liquidated damages, attorneys' fees, and costs to the extent permitted by law.

## SECOND CLAIM FOR RELIEF

## (Failure to Pay Minimum Wage—California)

38. Quimby refers to and incorporates by reference Paragraphs 1 through 37.

39. Quimby worked for Defendants from approximately June 2018 to approximately March 28, 2019.

40. Defendants failed and refused to pay Quimby minimum wage for all hours worked.

41. Quimby seeks all available remedies for Defendants' violations including, but not limited to, any and all wages due, penalties, monies, interest, liquidated damages pursuant to California Labor Code section 1194.2, attorneys' fees pursuant to California Labor Code Section 1194(a), and costs to the extent permitted by law.

## THIRD CLAIM FOR RELIEF

## (Failure to Pay Overtime—FLSA)

42. Quimby refers to and incorporates by reference Paragraphs 1 through 41.

43. Quimby worked for Defendants from approximately June 2018 to approximately March 28, 2019, including regularly working more than 40 hours per week.

44. Defendants failed and refused to pay Quimby overtime for all overtime hours worked.

45. Defendants' failure and refusal to pay Quimby overtime wages is a violation of federal law, including without limitation the FLSA.

46. Quimby seeks all available remedies for Defendants' violations including, but not limited to, any and all wages due, penalties, monies, interest, liquidated damages, attorneys' fees, and costs to the extent permitted by law.

# FOURTH CLAIM FOR RELIEF

## (Failure to Pay Overtime—California)

47. Quimby refers to and incorporates by reference Paragraphs 1 through 46.

48. Quimby worked for Defendants from approximately June 2018 to approximately March 28, 2019, including regularly working more than 8 hours per day and more than 40 hours per week.

49. The applicable Wage Order of the IWC requires every employer, including Defendants, to pay to each non-exempt employee wages not less than one and one half times the regular rate of pay for an employee for any hours worked in excess of eight hours in one workday and any work in excess of 40 hours in one workweek and the first 8 hours worked on the 7th day of work in any one workweek. Any work in excess of 12 hours in one day shall be compensated at a rate of no less than twice the regular rate of pay for an employee. Any work in excess of 8 hours on any 7th day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

50. In California, overtime is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration, including hourly earnings, salary, piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

51. Defendants failed and continue to refuse to pay Quimby any overtime wages for overtime hours worked.

52. Quimby seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, attorney's fees pursuant to California Labor Code Section 1194(a), and costs to the extent permitted by law.

## FIFTH CLAIM FOR RELIEF

### (Breach of Contract—Failure to Pay Commissions)

53. Quimby refers to and incorporates by reference Paragraphs 1 through 52.

54. Quimby and Defendants entered into the Commissions Contract.

55. The Commissions Contract is evidenced in writing by the offer of employment, by the commissions paid, and substantial written communications and documentation covering the time period of Quimby's employment.

56. Quimby performed all the obligations that were required of him by the Commissions Contract, except for those obligations that were excused.

57. Defendants failed to and continue to refuse to pay Quimby commissions owed to him pursuant to the Commissions Contract.

58. As a proximate result of Defendants' breach of the Commissions Contract, Quimby has suffered damages in an amount to be proven at trial, but in excess of $24,000.

## SIXTH CLAIM FOR RELIEF

### (Quantum Meruit—Failure to Pay Hourly Wages)

59. Quimby refers to and incorporates by reference Paragraphs 1 through 58.

60. As set forth above, Quimby worked for Defendants from June 2018 through his termination on March 28, 2019. Quimby competently and satisfactorily performed services for Defendants the reasonable value of which was, in addition to the commissions owing to him, not less than $20/hour.

61. Defendants failed to and continue to refuse to pay Quimby the reasonable value of his services.

62. Quimby is therefore entitled to the fair market value of the services he rendered to Defendants, plus interest, attorneys' fees, and costs to the extent permitted by law.

## SEVENTH CLAIM FOR RELIEF

### (Failure to Provide Meal Periods)

63. Quimby refers to and incorporates by reference Paragraphs 1 through 62.

64. Quimby was a non-exempt employee of Defendants who worked in California within the meaning of the California Labor Code and the applicable IWC Wage Order, and therefore entitled to receive meal periods as mandated by California law.

65. California Labor Code section 512(a), in part, provides that employers, including Defendants, may not employ an employee for a work period of more than five hours per day without providing an employee with a meal period of not less than 30 minutes, and may not employ an employee for a work period more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

66. California Labor Code section 226.7 requires employers, including Defendants, to provide to their non-exempt employees meal periods as mandated by the applicable Wage Order of the IWC, and prohibits employers from requiring any employee "to work during any meal...period mandated by an applicable order of the Industrial Welfare Commission."

67. The "Meal Periods" section of the IWC Wage Order states, "If an employer fails to provide an employee a meal period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

68. Defendants failed to provide Quimby with California compliant meal periods.

69. Quimby seeks all available remedies for Defendants' violations including, but not limited to, all wages due, penalties, monies, interest, attorneys' fees, and costs to the extent permitted by law.

## EIGHTH CLAIM FOR RELIEF

### (Failure to Provide Rest Periods)

70. Quimby refers to and incorporates by reference Paragraphs 1 through 69.

71. Quimby was a non-exempt employee of Defendants who worked in California within the meaning of the California Labor Code and the applicable IWC Wage Order.

72. Pursuant to the IWC Wage Order, every employer shall authorize and permit all employees to take paid rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period shall be based on the total hours worked daily at the rate of ten (10) minutes rest time per four (4) hours or major fraction thereof. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages as provided in the IWC Wage Order.

73. Defendants routinely failed to provide Quimby with rest periods.

74. Pursuant to California Labor Code section 226.7(b) and Wage Order Section 12(B), Defendants shall pay Quimby one additional hour of pay at the Plaintiff's regular rate of compensation for each day that Defendants did not provide him with an off-duty paid rest period at the rate of ten (10) minutes rest time per four (4) hours or major fraction thereof.

75. Quimby suffered and continues to suffer losses related to the use and enjoyment of compensation due and owing to him as a direct result of Defendants' Labor Code and IWC Wage Order violations, including the failure to pay an

additional hour of pay for each day a rest period was not provided, in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

76. Quimby seeks all available remedies for Defendants' violations including, but not limited to, all wages due, penalties, monies, interest, attorneys' fees, and costs to the extent permitted by law.

## NINTH CLAIM FOR RELIEF

**(Failure to Provide Wage Statements)**

77. Quimby refers to and incorporates by reference Paragraphs 1 through 76.

78. California Labor Code section 226 requires employers to provide compliant wage statements.

79. Defendants never provided Quimby with any wage statements at any point during Quimby's employment.

80. Because of Defendants' failure and refusal to provide compliant wage statements, Quimby is entitled to recover the greater of all actual damages or penalties for each violation up to $4,000.00.

81. Quimby seeks all available remedies including, but not limited to actual damages, penalties, payments pursuant to California Labor Code section 226(e), attorneys' fees, and costs, to the extent permitted by law.

## TENTH CLAIM FOR RELIEF

**(Failure to Timely Pay Wages Upon Separation of Employment)**

82. Quimby refers to and incorporates by reference Paragraphs 1 through 81.

83. California Labor Code section 201 requires Defendants to immediately pay any wages, without abatement or reduction, to any employee who is discharged.

84. California Labor Code section 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof, at the same rate until

paid, or until an action is commenced, but not more than 30 days, for the violation of California Labor Code sections 201 and 202.

85. Defendants willfully failed to pay Quimby wages due and owing, including commissions owed, upon his termination.

86. Quimby seeks all available remedies for Defendants' violations including, but not limited to, any and all wages due, penalties, waiting time penalties pursuant to California Labor Code section 203, monies, interest, attorneys' fees, and costs, to the extent permitted by law.

87. Furthermore, pursuant to California Labor Code sections 218.5 and 218.6, Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid regular wages and interest thereon, reasonable attorneys' fees and costs of suit.

## **PRAYER**

Plaintiff prays that the Court enter judgment in Plaintiff's favor and against Defendants, as follows:

1. For compensatory, general and special damages according to proof;
2. For unpaid wages;
3. For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code section 1194.2;
4. For reasonable attorneys' fees, cost of suit, and interest to the extent permitted by law, including pursuant to Civil Code section 1021.5, and California Labor Code sections 218.5, 218.6, 226, 558, 1194, 2698, and 2802, *et seq.*;
5. For an award of the greater of actual damages or the liquidated damage amounts provided by California Labor Code section 226(e) for Defendants' failure to provide accurate itemized wages statements, pursuant to California Labor Code section 226(a);
6. For an accounting to determine all money wrongfully obtained and held by Defendants;

7. For statutory penalties including those pursuant to the California Labor Code and Wage Orders of the IWC to the extent applicable by law; and

8. For such other and further relief as the Court deems just and proper.

DATED: April 8, 2019

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: s/Tanya M. Schierling
TANYA M. SCHIERLING
JING Y. LI
Attorneys for Plaintiff Ryan Quimby-Johnson

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all claims triable by a jury.

DATED: April 8, 2019

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: s/Tanya M. Schierling
TANYA M. SCHIERLING
JING Y. LI
Attorneys for Plaintiff Ryan Quimby-Johnson